IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE A. BROWN,

        Plaintiff,                     No. 2:10-cv-01760 MCE KJN PS

    v.

BANK OF AMERICA, N.A. and
DOES 1 through 100, Inclusive,

        Defendants.            ORDER TO SHOW CAUSE

        On July 8, 2010, defendant removed this case to federal court and, on July 15, 2010, filed a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). (Dkt. Nos. 1, 5.) Defendant noticed its motion to dismiss for a hearing to take place on August 26, 2010, and the court reset that hearing for September 9, 2010. (Dkt. Nos. 5, 7.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to defendant's motion at least fourteen days prior to the hearing date. Thus, plaintiff was required to file and serve his opposition to defendant's motion, or statement of non-opposition, on or before August 26, 2010. See E. Dist. Local Rule

////

////

////

230(c).[1]  The court's docket reveals that plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to defendant's motion to dismiss.  Defendant has filed a request that plaintiff's failure to oppose its motion be deemed a statement of non-opposition.  (Dkt. No. 8.)

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to dismiss, which is presently set for September 9, 2010, is continued until October 14, 2010.

2. Plaintiff shall show cause, in writing, *no later than September 9, 2010*, why sanctions, including dismissal of his lawsuit, should not be imposed for plaintiff's failure to prosecute and failure to file an opposition or statement of non-opposition to the pending motion.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute");

---

[1] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

1  Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)
2  (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)
3  *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the
4  court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow
5  a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565,
6  567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other
7  litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per
8  curiam) (stating that district courts have inherent power to control their dockets and may impose
9  sanctions including dismissal).  Failure to file the required writing shall constitute *an additional*
10 *ground* for the imposition of appropriate sanctions, including dismissal.

11        3.      Plaintiff shall file a written opposition or statement of non-opposition to
12 the pending motion to dismiss on or before September 23, 2010.  *Failure to file a written*
13 *opposition shall be deemed a statement of non-opposition, and shall constitute an additional*
14 *ground for the imposition of appropriate sanctions, including dismissal.*

15        4.      Defendant may file a reply to plaintiffs' opposition, if needed, on or before
16 October 7, 2010.

17        IT IS SO ORDERED.

18 DATED:  August 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3