1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GEORGE A. BROWN,

11              Plaintiff,              No. 2:10-cv-01760 MCE KJN PS
                    v.
12
      BANK OF AMERICA, N.A. and
13    DOES 1 through 100, Inclusive,
                                        ORDER and FINDINGS AND
14              Defendants.             RECOMMENDATIONS
      _____/
15

16              On July 8, 2010, defendant removed this case to federal court and, on July 15,

17    2010, filed a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure

18    8(a) and 12(b)(6).  (Dkt. Nos. 1, 5.)  Defendant noticed its motion to dismiss for a hearing to take

19    place on August 26, 2010, and the court reset that hearing for September 9, 2010.  (Dkt. Nos. 5,

20    7.)  Pursuant to this court's Local Rules, plaintiff, who is proceeding without counsel, was

21    required to file and serve a written opposition or statement of non-opposition to defendant's

22    motion at least fourteen days prior to the hearing date, or August 26, 2010.  See E. Dist. Local

23    Rule 230(c).[1]  Plaintiff failed to file a written opposition or statement of non-opposition in

24    _____

25       [1]  Eastern District Local Rule 230(c) provides:

26              **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting
                of the motion shall be in writing and shall be filed and served not less than

response to defendant's motion to dismiss.

On August 30, 2010, the undersigned entered an order (the "OSC") requiring plaintiff to show cause why the court should not impose sanctions on plaintiff, including dismissal of his lawsuit, for his failure to prosecute his lawsuit and failure to file an opposition or statement of non-opposition in response to defendant's motion. (Dkt. No. 9.) The OSC stated, in part:

> 2.    Plaintiff shall show cause, in writing, *no later than September 9, 2010*, why sanctions, including dismissal of his lawsuit, should not be imposed for plaintiff's failure to prosecute and failure to file an opposition or statement of non-opposition to the pending motion. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal). Failure to file the required writing shall constitute *an additional ground* for the imposition of appropriate sanctions, including dismissal.

(OSC at 2.) The court also continued the hearing on defendant's motion to dismiss until October 14, 2010, and ordered plaintiff to "file a written opposition or statement of non-opposition to the pending motion to dismiss on or before September 23, 2010." (Id. at 3.) The OSC further states: "*Failure to file a written opposition shall be deemed a statement of*

_____

> fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

1   *non-opposition, and shall constitute an additional ground for the imposition of appropriate*

2   *sanctions, including dismissal*."  (Id.)

3          The court's docket reveals that plaintiff has filed neither a response to the OSC

4   nor a written opposition or statement of non-opposition to defendant's motion to dismiss.

5   Plaintiff failed to do so despite being given ample opportunities to file the required writings and

6   explicit warnings that the failure to file these documents could result in dismissal of his lawsuit.

7          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

8   action for failure to prosecute, failure to comply with the court's local rules, and failure to

9   comply with the court's orders.  See, e.g., Hells Canyon Preservation Council v. U.S. Forest

10   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

11   to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or

12   comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

13   1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

14   may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza,

15   291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

16   prosecute when habeas petitioner failed to file a first amended petition); see also E. Dist. Local

17   Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the

18   Court may be grounds for imposition by the Court of any and all sanctions authorized by statute

19   or Rule or within the inherent power of the Court.").

20          A court must weigh five factors in determining whether to dismiss a case for

21   failure to prosecute, failure to comply with a court order, or failure to comply with a district

22   court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

23
24
           (1) the public's interest in expeditious resolution of litigation; (2)
           the court's need to manage its docket; (3) the risk of prejudice to
           the defendants; (4) the public policy favoring disposition of cases
           on their merits; and (5) the availability of less drastic alternatives.

25

26

Id. at 1260-61; accord Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Pagtalunan, 291 F.3d at 642-43.  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to file a timely opposition or statement of non-opposition to defendant's motion to dismiss, a response to the OSC, and an opposition or statement of non-opposition for a second time, despite clear and repeated warnings of the consequences for such failures, strongly suggests that plaintiff has abandoned this action.  See, e.g., Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  In this regard, any further time spent by the court on this case, which plaintiff has demonstrated a lack of intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to defendant as a result of plaintiff's failure to timely oppose their motion to dismiss, should be given some weight.  See Ferdik, 963 F.2d at 1262.  A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery ensues.  Plaintiff's failure to oppose defendant's motion after being given two opportunities to do so, and his failure to explain his non-participation in this litigation through a response to the OSC, raises the real possibility that defendant may be forced to unnecessarily engage in further litigation against claims that plaintiff does not appear to value enough to pursue.  Moreover, unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

1    The fifth factor also supports dismissal of this action.  As noted above, the court

2 has attempted less drastic remedies than that of a recommendation for outright dismissal.  In

3 addition to excusing plaintiff's first failure to oppose defendant's motion, the court granted

4 plaintiff additional time to file an opposition and continued the hearing on defendant's motion to

5 dismiss.  Moreover, the court has advised plaintiff of the requirement of opposing a motion to

6 dismiss and informed him of the requirements of the Local Rules.  It has also clearly and

7 repeatedly warned plaintiff that failure to comply with the court's orders could result in a

8 recommendation of dismissal.  Warning a plaintiff that failure to take steps towards resolution of

9 his action on the merits will result in dismissal satisfies the requirement that the court consider

10 the alternatives.  See Buss v. W. Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984) (per curiam),

11 cert. denied, 469 U.S. 1192 (1985); Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6

12 (3d Cir. 1982).  At this juncture, the court finds no suitable alternative to a recommendation for

13 dismissal of this action.  This finding is supported by the fact that plaintiff's complaint, which

14 alleges that plaintiff has encountered financial difficulties leading to the foreclosure of his home

15 (Compl. ¶¶ 14, 16), suggests that plaintiff would very unlikely be unable to pay any monetary

16 sanction imposed in lieu of dismissal.

17    Finally, the court recognizes the importance of giving due weight to factor four,

18 which addresses the public policy favoring disposition of cases on the merits.  However, for the

19 reasons set forth above, factors one, two, three, and five strongly support a recommendation for

20 dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

21 proper "where at least four factors support dismissal or where at least three factors 'strongly'

22 support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

23 and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

24 outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

25 963 F.2d at 1263.

26

1    Accordingly, IT IS HEREBY ORDERED that the hearing on defendant's motion

2 to dismiss, currently set for October 14, 2010, is vacated.

3    It is FURTHER RECOMMENDED that:

4    1.    This action be dismissed pursuant to Rule 41(b) of the Federal Rules of

5 Civil Procedure; and

6    2.    The Clerk of Court be directed to close this case and vacate all future dates

7 in this action.

8    These findings and recommendations are submitted to the United States District

9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10 days after being served with these findings and recommendations, any party may file written

11 objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

12 Such a document should be captioned "Objections to Magistrate Judge's Findings and

13 Recommendations."  Any response to the objections shall be filed with the court and served on

14 all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

15 Failure to file objections within the specified time may waive the right to appeal the District

16 Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

17 1153, 1156-57 (9th Cir. 1991).

18    IT IS SO RECOMMENDED.

19 DATED:  September 29, 2010

20

21

22

23    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

24

25

26